By the Court.—Sedgwick, J.
The complaint alleged that the defendant theretofore was the owner of *501 a certain chattel mortgage, that the defendant executed and delivered to the plaintiff an assignment of such mortgage, and guaranteed the payment of the said mortgage ; that there was due upon said mortgage, at the time of the assignment, six thousand five hundred dollars, which became payable on May 1, 1869, but that no part of the same has been paid, except about one thousand eight hundred dollars.
Copies of the mortgage and. assignment referred to, were attached to the complaint.
By the mortgage it appeared that the defendant was mortgagee. It contained no covenant that the mortgagors would pay to the mortgagee the amount secured by the mortgage. The assignment, on its face, was made by Sarah Hexter (the defendant) and David Hexter, her husband, in consideration of six thousand five hundred dollars, “to us in hand paid” by the plaintiffs. It contained the following covenant: “And the said Sarah Hexter, by and with the consent of her said husband, does hereby covenant and agree that the sum of six thousand five hundred dollars remains due and unpaid upon said chattel mortgage, and she hereby guarantees the payment of the same.”
The answer denied all the allegations of the complaint, except such as were thereafter admitted; the answer admitted in substance that she was the owner of the mortgage referred to, and that she did make an assignment of it to the plaintiffs, but that the clause-purporting to be a guarantee of its payment was inserted by mistake, without the knowledge or authority of the defendant, and she demanded judgment that the assignment be reformed by striking from it the words “ And she hereby guarantees the payment of the same.”
The answer for a further defense alleged that before the commencement of the action the plaintiffs took, by virtue of the mortgage, the mortgaged property, and foreclosed the mortgage, sold the property, received the pro *502 ceeds of the sale; that at the time of the sale the property was worth more than the amount due on the mortgage; and that she, defendant, had not any knowledge or information sufficient to form a belief, of the amount of the proceeds of the property so sold, or of what, if any part of the said sum of six thousand five hundred dollars remained unpaid to them ; and she claims and insists that the plaintiffs are chargeable with the full value of the said goods and chattels, and she denies that she is indebted to them in any amount whatever.”
The reply averred that the property referred to in the answer was sold under the foreclosure mentioned in the answer at public auction, and for its fair market value, and took issue upon the other allegations of the answer.
On the trial by a jury, the plaintiffs did not, as appears by the printed case, produce the mortgage or assignment, and only proved that the interest on four thousand seven hundred dollars, from May 1,1869, was five hundred and eleven dollars and seventy-seven cents, and then rested.
The defendants proved that the defendant was a married woman at the times of the mortgage and assignment and down to the trial.
The defendant moved-to dismiss the complaint, on the ground that the defendant, at the time she executed' the assignment, was a married woman, and that it did not appear that she made the covenants in it a charge on her separate estate, and also on the ground that the plaintiffs had not made out any cause of action against the defendant, and had given no evidence to create any liability against her in this action.
This motion was denied, and under the direction of the court the jury found for the plaintiffs in the sum of five thousand two .hundred and eleven dollars and seventy-seven cents. Exceptions were duly made to the court’s rulings. *503 The contract was, the defendant ;* hereby guarantees the payment of the mortgage.” The breach was the nonpayment of the mortgage. This brings in the exception to the general rule, that the burden of proof is on the party holding the affirmative. This exception is that when the plaintiff grounds his right of action upon a negative allegation, the establishment of this negative is an essential element of the case (1 Greenl. on Ev. § 75), unless the subject matter of the negative averment lies peculiarly within the knowledge of the othey party. In such case, the averment is taken as true, unless it is disproved by the party having peculiarly the knowledge.
Although it appeared by the printed case that the mortgage was not actually produced in evidence, yet the points on both sides seem- to consider it to be a fact that the mortgage was actually produced by the plaintiff. As a general rule, this would sufficiently create a presumption that the mortgage was not entirely paid. But the complaint averred that it had been partly paid, and to the extent of about one thousand eight hundred dollars. The answer alleged that the property mortgaged had been taken possession of by the plaintiffs, and that it was of the amount secured by the mortgage, and alleged a want of information and belief as to the amount the property brought on the sale. The reply admitted that the property had been all sold, with a trifling exception, for fair prices, and at a fair auction sale. When the plaintiff took possession of the property under the mortgage, that was payment, to the extent, at least, of the price it afterwards brought (Case v. Boughton, 11 Wend. 106), so that the plaintiffs were bound to give affirmative proof of the amount that had not been paid on the mortgage, for the following reasons : First. The alleged breach was the non-payment. Second. This non-payment was by a third party, of whose omission to pay the defendant had as much *504 knowledge as the plaintiffs had. Third. The amount that had been paid, that is, the amount of the proceeds of the sale, was peculiarly within the knowledge of the plaintiffs, who had taken the property, sold it, and received the proceeds. Fourth. This is especially right in a case where the defendant, being a surety, may ask an account from the plaintiffs of the proceeds of the mortgaged property.
It would seem proper to explain the reasons for not passing upon the more important questions involved in this case. Some of these reasons are: First. The averments of the complaint do not show whether or not the defendant, at the time of the bringing of the action, had any separate estate. Such an averment was made in the complaint in the. Corn Exchange Insurance Co. v. Babcock (42 N. Y.). Proof of such a fact might set at rest a perplexing doubt that exists in this case, and which was not fully argued. This doubt is this. If thé contract in question is not valid by virtue of the statutes of 1860 and 1862, but is valid irrespective of those statutes, it is to be enforced according to Yale v. Dederer (22 N. Y. 460), and Owen v. Cowley (36 N. Y. 604), as an equitable lien upon the separate estate as a whole (Ballin v. Dillaye, 37 N. Y. 39). If there is no separate estate, there is a doubt that there is a lien. Second. Another doubt exists as to the separate estate which may be the subject of such a lien. Is it separate estate, wholly acquired after the contract in question was made ? Third. Can an action be maintained where it is not made to appear that the judgment can be enforced by means of an execution to be levied upon a, separate, estate %
■ On a new trial, the. necessity may be obviated of deciding, with perhaps no practical bearing, these and other delicate questions existing in this case.
The judgment must be reversed, with costs to abide the event, and with a new trial.